IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
COOKEVILLE DIVISION

| | |
|---|---|
| MLDRED SUFFRIDGE, | ) |
|     **Plaintiff,** | ) |
| | ) No. _____ |
| V. | ) Jury Demand |
| | ) |
| DEKALB COUNTY ROAD DEPARTMENT and DANNY HALE, | ) |
|     **Defendants.** | ) |

## COMPLAINT

Plaintiff Mildred Suffridge ("plaintiff") files this Complaint for damages and other relief relating to and resulting from discrimination in connection with her employment with DeKalb County Road Department ("defendant") because of her age. Plaintiff asserts a claim for discrimination in violation of the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621, et seq. (the "ADEA") and the Fair Labor Standards Act of 1938, 29 U.S.C. § 216(b) ("FLSA"). For her Complaint, plaintiff states as follows:

## IDENTIFICATION OF THE PARTIES

1. Plaintiff is a resident of Smithville, DeKalb County, Tennessee.

2. Defendant DeKalb County Road Department ("DCRD") is a governmental entity organized under the laws of the State of Tennessee and operating throughout DeKalb County, Tennessee. Defendant may be served with process through its Road Supervisor, Danny Hale, at 720 Smith Road, Smithville, TN 37166. At all times material hereto, defendant employed more than 15 employees.

3. Defendant Danny Hale is a resident of DeKalb County, Tennessee and can

be served with process at his place of employment, DeKalb County Road Department, 720 Smith Road, Smithville, Tennessee 37166.

4. Defendants are covered employers under the FLSA, and plaintiff is a covered employee under the FLSA. Defendants have been solely or substantially responsible for failing to pay Plaintiff correct overtime compensation under the FLSA. During the statutory period, defendants have been persons acting directly or indirectly in relation to plaintiff and thus are "employers" within the meaning of the FLSA, 29 U.S.C. § 203(d).

## STATEMENT OF JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1331 since plaintiff asserts claims arising under the laws of the United States, specifically the ADEA and FLSA.

6. Venue is proper in this Court because the acts giving rise to this complaint occurred in an area embraced within the Middle District of Tennessee.

## FACTUAL AVERMENTS

7. Plaintiff was employed by defendant from January, 1997 until her discharge on March 31, 2020.

8. At the time of her discharge, plaintiff worked as a payroll clerk.

9. Throughout her employment with defendant, plaintiff performed her assigned jobs duties in an acceptable and satisfactory manner.

10. Beginning in the January of 2020, when plaintiff was eighty-five years old, defendant through its manager Danny Hale made derogatory and discriminatory age-based comments in the workplace and discriminated against plaintiff because of her age with respect to the terms, conditions and privileges of employment, including asking plaintiff when she was

going to retire, telling plaintiff that she could not hear and was old and telling plaintiff that it was time for her to retire. Defendant's actions were in violation of the ADEA.

11. Despite the fact that plaintiff was performing her job duties in a satisfactory manner, defendant through its manager Danny Hale offered plaintiff's job to substantially younger person and hired that person to replace plaintiff on April 1, 2020.

12. Defendant through its manager Danny Hale informed plaintiff's coworkers that plaintiff was retiring, and he held a retirement party for plaintiff, even though plaintiff did not retire and did not voluntarily leave her employment.

13. Plaintiff filed a timely charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") and received a notice of suit rights on August 27, 2021.

14. During her employment, defendants classified plaintiff as a salaried employee exempt from the overtime requirements of the FLSA.

15. Defendants have been solely or substantially responsible for failing to pay plaintiff correct overtime compensation under the FLSA. During the statutory period, defendants have been persons acting directly or indirectly in relation to the plaintiff and thus are "employers" within the meaning of the FLSA, 29 U.S.C. § 203(d).

16. During her employment as a payroll clerk, plaintiff was not paid for all of the time she worked or for the time she worked in excess of forty (40) hours per week.

17. Plaintiff was not paid minimum wage or an overtime premium of time and half for hours over forty (40). This was the common pay practice of defendants.

18. Defendants did not pay plaintiff for all of the time she worked.

19. Hourly employees who work more than forty (40) hours per week are

entitled to overtime compensation for those hours worked in excess of forty (40). 29 C.F.R. § 778.101.

20. Under the Fair Labor Standards Act, "overtime must be compensated at a rate not less than one and one-half times the regular rate at which the employee is actually employed" during the first forty (40) hours of work. 29 C.F.R. § 778.107.

21. Plaintiff was not compensated for overtime hours worked.

22. Defendant's intentional failure to pay Plaintiff minimum wage for the time she worked and for overtime wages was in willful violation of the FLSA.

### Claim For Age Discrimination In Violation of Federal Law
### Against Defendant DeKalb County Road Department

23. Plaintiff hereby incorporates and realleges the factual averments as set forth in paragraphs 1 through 22 herein.

24. Defendant DCRD discriminated against plaintiff in the terms, conditions and privileges of her employment and discharged plaintiff from her employment because of her age in violation of the ADEA.

25. As a direct result of defendant's actions, plaintiff has suffered damages.

26. As a result of its actions, defendant is liable to plaintiff in an amount to be determined by the jury for the damages plaintiff has incurred as well as for punitive damages.

27. As a result of its actions, defendant is liable for plaintiff's attorneys' fees.

28. As a result of its actions, defendant is obligated to reinstate plaintiff to her employment and to make plaintiff whole for all lost earnings and benefits.

### Claim For Willful Failure to Pay and Overtime Wages in Violation of the FLSA
### Against Both Defendants

29. Plaintiff hereby incorporates and realleges the factual averments as set

forth in paragraphs 1 through 28 herein.

30. During plaintiff's employment with defendants, defendants misclassified plaintiff as a salaried employee exempt from the minimum wage and overtime wages of the FLSA.

31. During her employment with defendants, plaintiff regularly worked more that forty hours per week, but she was not paid minimum wage or overtime pay for all of the time she worked and for which pay she was entitled.

32. Plaintiff was not compensated for overtime hours worked.

33. Defendant's intentional failure to pay plaintiff minimum wage for the time she worked and for overtime wages was in willful violation of the FLSA.

**WHEREFORE,** premises considered, plaintiff demands the following relief:

1. An award of compensatory and liquidated/punitive damages against defendant DCRD in an amount to be determined by the jury;

2. An award of compensatory and liquidated/punitive damages against defendant DCRD in an amount to be determined by the jury;

3. An award to plaintiff of damages in the amount of unpaid compensation to be proven at trial;

4. An award to plaintiff of interest and liquidated damages shown to be owed to her, pursuant to the FLSA;

5. An Order of reinstatement;

6. An award of attorneys' fees;

7. A jury for the trial of this action; and

8. Such other, further and general relief to which she may be entitled.

Respectfully submitted:


/s/ Kerry E. Knox
Kerry E. Knox (TN BPR No. 23302)
117 South Academy Street
Murfreesboro, Tennessee 37130
(615) 896-1000


/s/ Stephen W. Grace
Stephen W. Grace, (TN BPR No. 14867)
1019 16th Avenue, South
Nashville, Tennessee  37212
(615) 255-5225
Attorneys for Plaintiff